■ In the Matter of KHARY BEKKA, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [27 NYS3d 292]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

When a correction officer approached petitioner's cell, she observed him masturbating. After ordering him to stop, petitioner continued and made sexually suggestive comments to the officer. As a result, petitioner was charged in a misbehavior report with engaging in lewd conduct, refusing a direct order and interfering with an employee. Following a tier III disciplinary hearing, petitioner was found not guilty of interfer-

ing with an employee, but guilty of the remaining charges. This determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.*

We confirm. Petitioner was afforded a fair hearing. Contrary to petitioner's claims, the Hearing Officer did allow petitioner to question the author of the misbehavior report as to whether she had ever previously observed such behavior by petitioner, and the Hearing Officer did not act improperly by limiting petitioner's further questioning of the witness to issues related to matters relevant to the incident in question (*see Matter of Fero v Prack*, 110 AD3d 1128, 1129 [2013]; *Matter of Toliver v Commissioner of Corr. & Community Supervision*, 104 AD3d 981, 982 [2013]). Further, the fact that the Hearing Officer rejected petitioner's testimony is not indicative of bias, nor is there anything in the record supporting petitioner's claim that the determination flowed from any alleged bias (*see Matter of Inoa v Smith*, 115 AD3d 1109, 1110 [2014]; *Matter of White v Fischer*, 95 AD3d 1582, 1583 [2012]).

McCarthy, J.P., Garry, Rose and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although the petition raised the issue of substantial evidence and, accordingly, the proceeding was properly transferred to this Court, petitioner has abandoned such argument by failing to raise it in his brief (*see Matter of Davila v Prack*, 113 AD3d 978, 978 n [2014], *lv denied* 23 NY3d 904 [2014]).